Argued and submitted May 9, ballot title certified June 1, 2001

Steven DOELL,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48325)

26 P3d 141

John A. Bennett, of Bullivant Houser Bailey, PC, Portland, argued the cause and filed the petition for petitioner.

Kaye Ellen McDonald, Assistant Attorney General, Salem, argued the cause for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

This ballot title review proceeding, brought under ORS 250.085(2), concerns the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 20 (2002). Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5).

Petitioner challenges the Attorney General's caption, result statements, and summary. Having considered each properly preserved argument advanced by petitioner in support of those challenges,[1] we determine that none is well taken. Accordingly, we certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: MANDATES RESTITUTION AND LIFE IMPRISONMENT WITHOUT RELEASE/ PAROLE AS AGGRAVATED MURDER SENTENCE; ELIMINATES DEATH PENALTY

RESULT OF "YES" VOTE: "Yes" vote mandates restitution and life imprisonment without release/parole for aggravated murder; eliminates death penalty, life with possibility of release/parole as sentencing options.

RESULT OF "NO" VOTE: "No" vote retains death penalty, life imprisonment with possibility of release/ parole, and life imprisonment without possibility of release/ parole, as aggravated murder sentencing options.

SUMMARY: Amends Constitution. Under current law, juries determine whether persons convicted of aggravated murder are punished by death, life imprisonment without possibility of release or parole, or life imprisonment

---

[1] *See* ORS 250.085(6) (court enjoined from considering arguments concerning ballot title not presented in writing to Secretary of State unless exception (inapplicable here) applies).

with possible release or parole after thirty years. The proposed measure requires sentencing such persons to restitution and life imprisonment without possibility of release or parole. Additionally, sentences of persons previously sentenced to death, but not yet executed, must be changed to restitution and life without possible release or parole. Restitution means that any income received in prison by persons convicted of aggravated murder must be distributed only for certain purposes, including restitution to victims of the person's crime or a crime victims fund, and reimbursement for the prisoner's housing, health, rehabilitation, and living costs. Other provisions.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).